IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. 1:17-CR-00513-014 |
| Plaintiff, | : | JUDGE CHRISTOPHER A. BOYKO |
| vs. | : | |
| **THOMAS LOPEZ** | : | **<u>SENTENCING MEMORANDUM</u>** |
| Defendant. | : | |

Now comes the Defendant, Thomas Lopez, by and through Counsel, and hereby submits this Sentencing Memorandum for consideration by this Honorable Court when imposing sentence upon Mr. Lopez. Furthermore, Mr. Lopez respectfully requests that if this Honorable Court accepts the probation department's guideline calculations without intent to depart or otherwise sentence outside said guideline calculations that Mr. Lopez be given the opportunity to withdraw his previously entered guilty plea in this matter.

## **FACTS**

On December 6, 2017, Mr. Lopez was indicted in the instant matter with fourteen co-defendants. He was charged with the following: one count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count 1 of the indictment); and one count of Use of a Communication Facility to Facilitate Drug Trafficking in violation of 21 U.S.C. § 843(b) (Count 16 of the indictment). The conduct serving as the basis of the indictment against Mr. Lopez occurred from November 29, 2016 through December 3, 2016. During this five-day period, Mr. Lopez's alleged involvement with the conspiracy was via telephone calls during which he acted as an intermediary for two other co-conspirators. Mr. Lopez was arrested on December 7, 2017 and has been detained without issue since his arrest.

During the pendency of this matter, the government, pursuant to 21 U.S.C. § 851(a)(1), filed a notice of prior felony drug conviction, thus invoking penalty enhancement set forth in 21 U.S.C. § 841(b). Ultimately, the effect of this notice was to raise the maximum potential imprisonment for Count 1 from twenty years to thirty years, raise the potential maximum fine from $1,000,000 to $2,000,000, and impose a mandatory minimum of six years of supervised release.

On January 14, 2019, Mr. Lopez entered into a plea agreement and pled guilty to Count 1 of the indictment. A presentence investigation report was prepared in this matter. Based upon that report, he was determined to be a career offender, meaning he has a criminal history category of VI and a total offense level of 31. Pursuant to the Guidelines, Mr. Lopez now faces an advisory guideline sentence of 188 to 235 months of imprisonment.

## IMPACT OF PLEA AGREEMENT

Pursuant to the plea agreement in this matter, Mr. Lopez pled guilty to Count 1 of the indictment and Count 16 was dismissed. In the agreement, the parties stipulated that the base offense level in this matter was 20. The government agreed that Mr. Lopez accepted responsibility for his actions in a timely manner and recommended a three-level reduction based on this conduct, moving the offense level to 17. The plea agreement also required that neither party would recommend or suggest to the Court that any further departure or variance in sentencing. Plea Agreement, ¶ 15. Given the plea agreement and Mr. Lopez's expected criminal history category of IV, Mr. Lopez entered into the agreement with the expectation that guideline range for this offense was thirty-seven to forty-six months.

However, the plea agreement did not include a provision indicating that Mr. Lopez would agree to an adjusted base offense level of 34 if he was found to be a career offender. As stated

2

above, Mr. Lopez was found to be a career offender, thus creating a significant increase in the base offense level, which was not contemplated in the plea agreement.

In *United States v. Taylor*, 200114 Fed. Appx. 5462001, WL 814942 (6th Cir. 2001), the Court noted, " once a district court accepts a plea agreement, this court considers the agreement a contract and analyzes the obligations of the parties under general contract principles. See *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir.1990). What the parties agreed to in a plea agreement presents a question of fact that is reviewed for clear error. See *United States v. Edgecomb*, 910 F.2d 1309, 1314 (6th Cir.1990). Whether the government's conduct violated a plea agreement is a question of law that is reviewed de novo. See *United States v. Wells*, 211 F.3d 988, 995 (6th Cir.2000)" The court in *Taylor* continued stating, "The Supreme Court has stated that '"when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."' *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). *Id.*

Given the parameters of the plea agreement, despite Mr. Lopez's limited role in this conspiracy and his forthright acceptance of responsibility, he is now unable to advocate for himself and request any kind of variance below the now inflated advisory guideline range were the Court to accept the probation department's guideline calculations.

## THE PRESENTENCE INVESTIGATION REPORT

On March 12, 2019, Pretrial Services and Probation issued the presentence investigation report relative to Mr. Lopez. The probation department determined Mr. Lopez's base offense level to be 20, pursuant to U.S.S.G. § 2D1.1. As discussed in the plea agreement, Mr. Lopez was given a three-level reduction for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)-(b). However, the probation department applied a Chapter Four Enhance to Mr. Lopez's offense level

3

pursuant to U.S.S.G. § 4B1.1(b)(2), as Mr. Lopez was determined to be a career offender. Ultimately, this enhancement increased the advisory guideline range in this matter from a range of thirty-seven to forty-six months to a range of 188 to 235 months of imprisonment.

On March 30, 2019, defense counsel filed objections to the presentence investigation report, arguing that Mr. Lopez's criminal history was overstated by the finding that Mr. Lopez is a career offender, and that such finding drastically altered the sentencing parameters set forth in the plea agreement. Mr. Lopez's subtotal criminal history score was calculated as five, with the total criminal history score being seven. Presentence Investigation, ¶ 156-58. Without the career offender enhancement, Mr. Lopez's criminal history category is IV. However, with the enhancement, Mr. Lopez is now placed in the highest level of criminal history category, VI. This enhancement essentially caused a fivefold increase in the advisory guideline range in this matter.

The probation department did acknowledge in its final report that the offense level computed in the report did not reflect the offense level contemplated in the plea agreement. The report stated that "if the Court determines there are no valid grounds for a departure or a sentence outside of the guidelines, and adopts the probation officer's guideline calculation, the Court may need to consider giving the defendant an opportunity to withdraw from the guilty plea." Presentence Investigation Report, ¶ 191.

### REQUEST TO APPLY GUIDELINES SET FORTH IN THE PLEA AGREEMENT OR IN THE ALTERNATIVE, WITHDRAW THE PREVIOUSLY ENTERED GUILTY PLEA

In the matter at bar, Mr. Lopez respectfully requests this Honorable Court apply the advisory sentencing guidelines for a base offense level of 20 as contemplated in the plea agreement. Pursuant to the agreement, both parties agreed that a base offense level of 20 represented the correct computation of the applicable offense level. Plea Agreement, ¶ 18. Both parties also agreed that Mr. Lopez was entitled to a three-level reduction for acceptance of

responsibility. Plea Agreement, ¶ 19. There is no stipulation within the agreement that Mr. Lopez would be subject to a fourteen-level increase in his base offense level were he found to be a career offender. Had this been a condition of the plea agreement, it should have been included in writing, as the government has done in other matters. Given that this significant increase is not part of the plea agreement and Mr. Lopez attempted to take responsibility for his actions in a timely manner, Mr. Lopez respectfully asks this Honorable Court apply the adjusted offense level of 17 for sentencing purposes and sentence within the advisory guideline range of thirty-six to forty-six months.

If this Court were to adopt the probation department's guideline calculations, Mr. Lopez respectfully requests he be allowed to withdraw his plea in this matter. Pursuant to Fed. R. Crim. P. 11(d)(2), "a defendant may withdraw a plea of guilty or nolo contendere after the court accepts the plea, but before it imposes sentence if the court rejects a plea agreement under 11(c)(5) or the defendant can show a fair and just reason for requesting the withdrawal." "The purpose of Rule 11(d) is to allow a ‒hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). In determining whether a defendant has shown "a fair and just reason," a court must consider the totality of the circumstances, including the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the

5

> criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded in part by statute on other grounds as stated in United States v. Caseslorente*, 220 F.3d 727, 734-35 (6th Cir. 2000). "These factors represent a general, non-exclusive list and no one factor is controlling." *United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011) (quoting *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)).

In the matter at bar, Mr. Lopez would not be attempting to withdraw his plea because he believes he made a bad choice. He would withdraw his plea because the circumstances surrounding the plea have changed significantly. Mr. Lopez entered his guilty plea on January 14, 2019. The probation department filed its final presentence investigation report on April 8, 2019. Given that the probation department did not recalculate Mr. Lopez's offense level and advisory guidelines range based on the objections filed by counsel, Mr. Lopez has not waited an inordinate amount of time to raise this issue. Within two weeks of receipt of final presentence report, Mr. Lopez is raising this issue with the Court.

Given the significant change in circumstances that have occurred since Mr. Lopez entered his guilty plea, he has a fair and just reason for requesting the withdrawal. As such, Mr. Lopez respectfully requests that if this Honorable Court were to adopt the calculations set forth in the presentence investigation report, instead of those set forth in the plea agreement, he be allowed to withdraw his previously entered guilty plea.

A breached plea agreement may be remedied by either specific performance of the agreement or by allowing the defendant to withdraw the plea. *Santobello v. New York*, 404 U.S. 257, 262-63, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971). Mr. Lopez respectfully requests he be

sentenced pursuant to the terms of the plea agreement, or he should be allowed to withdraw his plea.

Respectfully submitted,

\S\ JOSEPH P. MORSE
**JOSEPH P. MORSE (0073298)**
**323 W. Lakeside Avenue, #300**
**Cleveland, OH 44113**
**Telephone: (216) 241-0520**
**Email: jpm@jmorse-law.com**
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on this 19th day of April, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and can be accessed through said system.

\S\ JOSEPH P. MORSE
**JOSEPH P. MORSE**
**Attorney for Defendant**
